**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SANDRA VANWORMER,

        Plaintiff,        CASE NO. 19-10836
                              HON. DENISE PAGE HOOD

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [#15] TO GRANT DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [#12] AND TO DENY
PLAINTIFF'S MOTION TO REMAND [#10]**

**I.     INTRODUCTION**

This matter is before the Court on a Report and Recommendation [ECF No. 15] filed by Honorable Magistrate Judge Anthony P. Patti to grant the Motion for Summary Judgment filed by Defendant Commissioner of Social Security ("Commissioner") [ECF No. 12] and to deny the Motion to Remand filed by Plaintiff Sandra Vanwormer ("Vanwormer"). [ECF No. 10] Vanwormer has timely filed an objection to the Report and Recommendation. [ECF No. 16] The Commissioner filed a Response to the objection on September 14, 2020. [ECF No. 17]

1

Vanwormer's SSI application was denied on September 25, 2015, and her DI application was denied in January 2016. [ECF No. 7, Pg.ID 70-77, 78-85] The Administrative Law Judge ("ALJ") found that Vanwormer had the following injuries and conditions: fibromyalgia, scoliosis of the thoracic spine, history of splenic laceration with embolization, irritable bowel syndrome ("IBS"), hypertension, and obesity. [*Id.* at 45] Despite Vanwormer's various ailments, the ALJ concluded that Vanwormer did not meet the definition of "disabled" under 42 U.S.C. § 423(d)(1)(A). The ALJ primarily based his decision on the fact that Vanwormer reported side effects from her medication and her failure to report them to her medical providers, as well as other inconsistencies in Vanwormer's case. The ALJ also concluded that there existed a significant amount of jobs in the national economy that Vanwormer could perform.

Vanwormer's main arguments against the ALJ's analysis focus on the alleged failure to consider all of Vanwormer's impairments when the ALJ calculated an appropriate "off-task percentage," meaning the "maximum time off task" that Vanwormer could experience before it becomes "work preclusive." [ECF No. 15, Pg.ID 1077] Vanwormer also alleges the ALJ only considered Vanwormer's IBS during the calculation and that the ALJ should have considered all of her conditions when calculating her off-task percentage. [ECF No. 16, Pg.ID 1085] Vanwormer further asserts that the ALJ failed to appropriately consider the side effects of her

medications while determining her residual functional capacity[1] ("RFC"). However, the Magistrate Judge explained that substantial evidence supported the ALJ's reasoning.

Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation, **GRANTS** the Commissioner's Motion for Summary Judgment, and **DENIES** Vanwormer's Motion to Remand.

The background procedure and facts of this matter are adequately set forth in the Magistrate Judge's Report and Recommendation, and the Court adopts them here.

## II. ANALYSIS

### A. Standard of Review

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or

---

[1] Vanwormer's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

recommendations made by the magistrate judge." *Id.* In order to preserve the right to appeal the magistrate judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

### B. Vanwormer's Objection

Vanwormer primarily objects to the Magistrate Judge's treatment of her second statement of error. Vanwormer specifically contests (1) that the ALJ's hypothetical given to the Vocational Expert ("VE") failed to adequately account for her ability to "sustain concentration, persistence and pace and maintain an acceptable level of attendance at work;" [ECF No. 16, Pg.ID 1085] and (2) that the Magistrate Judge incorrectly concluded that the ALJ appropriately considered the side effects of Vanwormer's medications and the extent to which those side effects would affect her focus. [*Id.* at 1087]

In response, the Commissioner argues that Vanwormer—not the ALJ— bore the burden of showing that she would be off-task more than 10%. The Commissioner further contends that the Court should reject Vanwormer's argument that the ALJ failed to consider all of her impairments during the ALJ's analysis.

### 1. Burden of Proof and the RFC

Vanwormer specifically contests the Magistrate Judge's legal framework, which determined that district courts are generally not permitted to "question [Vanwormer's] exact 'off task]' percentage of work time." [ECF No. 15, Pg.ID 1074] The Magistrate Judge explained that such decisions are discretionary calls within the ALJ's "zone of choice." *See Buxton v. Halter*, 246 F.3d 762, 772-773 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion . . . . This is so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference.") (internal and external citations omitted); *see also Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017) ("[A] decision supported by substantial evidence must stand, even if we might decide the question differently based on the same evidence.") (internal citation omitted).

Vanwormer asserts that relying on the ALJ's judgment is inappropriate because his determination failed to consider all of Vanwormer's impairments—fibromyalgia, scoliosis of the thoracic spine, splenic laceration with embolization, hypertension, and obesity. [ECF No. 16, Pg.ID 1085]; *see also Bolling v. Shalala*, 36 F.3d 431 (5th Cir. 1994). Instead, Vanwormer claims the ALJ only considered limitations stemming from her IBS diagnosis. [ECF No. 16, Pg.ID 1085]

5

Citing *Varley v. Secretary of HHS*, Vanwormer argues that a defective RFC cannot provide significant evidence to support an ALJ's decision. 820 F.2d 777 (6th Cir. 1987). To provide probative evidence, the VE's testimony must respond to hypothetical questions that accurately describe a claimant in all substantial and relevant aspects.

Vanwormer's objection is unconvincing. The Court is unpersuaded by Vanwormer's objections for two main reasons. First, Vanwormer bore the burden of establishing that her off-task calculation would be more than 10%. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (explaining that the claimant bears the burden of demonstrating the need for a more restrictive RFC). Second, although the ALJ may have only specifically addressed Vanwormer's IBS in his off-task percentage calculation, the Sixth Circuit has repeatedly found that an ALJ considered all of a claimant's impairments in combination when the ALJ notes that "all symptoms" were considered and non-severe impairments were discussed in analyzing the RFC. *See Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851-52 (6th Cir. 2020). That is the case here. The ALJ specifically explained that in reaching his decision, the ALJ "considered all symptoms and the extent to which [those] symptoms [could] reasonably be accepted as consistent with the objective medical evidence and other evidence," based on the relevant regulations. [ECF No. 7, Pg.ID 47]

The Court finds that Vanwormer has not met her burden of proof to establish that her off-task percentage would be higher than 10%. Vanwormer cites the VE's testimony that an off-task percentage higher than 10% would be work preclusive as evidence that she should be disqualified from working. However, Vanwormer has not shown that she would have the requisite off-task percentage. Vanwormer submitted no medical sources to support such a finding, and she repeatedly denied such work limitations in her agency filings. [ECF No. 7, Pg.ID 229, 250] Not only did Vanwormer's filings report no difficulty with memory, completing tasks, concentration, or following instructions, but she noted that she can pay attention for "[a]s long as [she] need[s] to." [ECF No. 7-6, Pg.ID 261]

It is not the ALJ's responsibility to supplement the record to establish a claimant's burden of proof. *Jordan*, 548 F.3d at 423. Consequently, the Court finds that the ALJ appropriately considered the evidence in front of him at the time of the decision. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ . . . is required to incorporate only those limitations accepted as credible by the finder of fact.").

Although Vanwormer's off-task work percentage may surpass 10%, without providing the necessary evidence to establish an off-work percentage of 15%, the ALJ's determination was correct. The Magistrate Judge correctly found that the

ALJ's decision rested on appropriate evidence that was provided at the hearing, and Vanwormer did not meet her burden. [ECF No. 15, Pg.ID 1082]

### 2. Vanwormer's Other Considerations

Vanwormer also argues that the Magistrate Judge incorrectly placed too much emphasis on her failure to "complain vociferously regarding the side effects of the gabapentin." [ECF No. 16, Pg.ID 1087] Vanwormer contends it should have been sufficient that she was being treated for fibromyalgia and the effects of her "botched colonoscopy," which resulted in fatigue and absenteeism. [*Id.*]

Vanwormer asserts that including her IBS diagnosis took her to "a parameter of disability" according to the VE. [*Id.*] Vanwormer further contends that it is "inconceivable" that considering the entirety of her impairments would not result in an off-task percentage of 15%.

Vanwormer further asserts that the RFC only included a limitation "due to her need for restroom breaks[,] which Vanwormer interpreted as an accommodation for her IBS. [ECF No. 7, Pg.ID 47, 49] Vanwormer contends that the ALJ's question to the VE "did not account for the side effects of [her] pain medication [Gabapentin]." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789 (6th Cir. 2009); *but see Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019) ("[T]he ALJ may pose a question involving a hypothetical individual with several limitations—and then later decide that those limitations differed from the claimant's limitations. That

does not mean that the VE's answer about the hypothetical individual binds the ALJ.") (internal citations omitted).

In *White*, the Sixth Circuit found that "there was not substantial evidence to discount White's testimony that the pain medication left him drowsy and fatigued." *White*, 312 F. App'x at 790. Here, however, the Commissioner asserts that "the ALJ was not required to account for her vague reports of diminished memory stemming from Gabapentin . . . ." [ECF No. 12, Pg.ID 1045] As supporting evidence, the Commissioner notes that "Plaintiff has cited no evidence aside from her own vague testimony, to support limitations in memory or concentration." [*Id.* at 1046]

The Court finds Vanwormer's arguments about the entirety of her conditions unpersuasive. The Court also finds that the Magistrate Judge correctly found that the ALJ made a "permissible, discretionary call." [ECF No. 15, Pg.ID 1074] Magistrate Judge Patti explained in detail how the ALJ considered all of Vanwormer's impairments in the context of the entire record, which included Vanwormer's testimony, her statements to medical providers, and her medical records. Although Vanwormer testified that she had experienced poor memory because of Neurontin, the ALJ noted that Vanwormer admitted that she did not tell her medical providers about her side effects. [ECF No. 15, Pg.ID 1072] Given that point, the ALJ found that Vanwormer's "subjective allegations [were] not entirely consistent with the record as a whole." [22]

9

As explained in *Essary v. Comm'r of Soc. Sec.*, the ALJ was permitted to make that determination. 114 F. App'x 662, 665-666 (6th Cir. 2004) ("Although Essary testified that she suffered from dizziness and drowsiness as a result of her medications, Essary's medical records make no indication that Essary reported such side effects to any of her physicians. Based on the record before him, the ALJ did not err in finding that Essary suffered no adverse side effects from her medications."); *see also Steiner v. Sec'y of Health & Human Servs.*, 859 F.2d 1228, 1231 (6th Cir. 1987) ("The claimant complained of side effects from his medication for the first time at the hearing, none of the medical reports indicate that he complained to a doctor about the side effects."). As Magistrate Judge Patti explained, *Essary* and *Steiner* establish that if a claimant suffers significant side effects from medication—particularly side effects that may affect one's work—then an ALJ can reasonably conclude that the claimant would report those side effects to their medical provider. Even if Magistrate Judge Patti was persuaded by Vanwormer, he correctly noted that district courts are not in the position to "normally substitute [their] impressions on the veracity of a witness for those of the trier of fact." *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Anthony P. Patti's Report and Recommendation (ECF No. 15, filed August 17, 2020) is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 12, filed September 18, 2019) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff Sandra Vanwormer's Motion to Remand (ECF No. 10, filed August 5, 2019) is **DENIED**.

IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice.

s/Denise Page Hood
Chief Judge, United States District

DATED: November 30, 2020